IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARTHA NEGLEY, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| HALLMARK CARDS, INC. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff, Martha Negley ("Negley"), and for her cause of action alleges as follows:

1. This is an action for copyright infringement in violation of the Copyright Act, quantum meruit and unjust enrichment, and breach of contract.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Negley is a Missouri citizen having residence at 1630 West 51st Street, Kansas City, Missouri 64112.

3. Upon information and belief, Defendant Hallmark Cards, Inc. ("Hallmark"), is a Missouri corporation with a principal place of business at 2501 McGee Trafficway, Kansas City, Missouri 64108.

4. This is an action arising under the copyright laws of the United States, 17 U.S.C. § 101 et seq. Jurisdiction over this action is conferred upon this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), 28 U.S.C. § 1367, and the Court's general pendent jurisdiction.

5. Nationwide injunctive relief is authorized by 17 U.S.C. § 502(a).

6. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400 because Defendant resides in this judicial district in that it is subject to personal jurisdiction here, a substantial part of the events giving rise to these claims occurred in this district, or a substantial part of the property that is the subject matter of this action is situated in this district. In addition, Defendant has a regular and established place of business in this judicial district and has committed acts of infringement here.

## GENERAL ALLEGATIONS

7. Negley repeats and incorporates the allegations contained in the preceding paragraphs.

8. On January 22, 2010, a certificate of registration issued to Negley for her copyright in Registration No. VAu 1-015-880 ("Copyrighted Christmas Design"), entitled "Christmas Project," for two-dimensional artwork including a poinsettia design. Exhibit A.

9. On January 22, 2010, a certificate of registration issued to Negley for her copyright in Registration No. VA 1-705-158 ("Copyrighted Holly Design"), entitled "Holly," for two-dimensional artwork including a holly design. Exhibit B.

10. Defendant is engaged in the sale of greeting cards, gift wrap and party related products, among other things.

11. Upon information and belief, Defendant, without license, is reproducing and distributing the Copyrighted Christmas and Holly Designs in association with the sale of gift wrap, gift bags, thank you notes and other party related products. Exhibit C.

12. On or about December 19, 2007, Negley entered into an agreement (the "Agreement") with Hallmark by which Negley was provided an established compensation, in exchange for her services in the design and development of certain requested original Artwork.

13. The Copyrighted Christmas and Holly Designs authored by Negley were developed in accordance with Hallmark's request, pursuant to the Agreement.

14. The Agreement provides that Hallmark may use Artwork that it accepts ("Accepted Works"). If not accepted by Hallmark, the Artwork could not be used by Hallmark.

15. Pursuant to the Agreement, whether accepted or not by Hallmark, Negley retained ownership in the Artwork.

16. Negley's Holly Design was accepted for use in 2008. Without Negley's approval and without affixing the proper copyright notice, her design and derivatives thereof reappeared in Hallmark stores for 2009 and 2010.

17. Negley's Christmas Design was submitted but not accepted in 2008. However, the Christmas Design and derivatives thereof appeared in Hallmark stores for sale in 2009 on gift wrap, gift bags, thank you notes and other items.

18. Negley designed and developed the Copyrighted Christmas and Holly Designs in full performance of her obligations in association with the Agreement.

19. The business dealings between Negley and Hallmark provided Hallmark with actual notice of the copyright owned by Negley and access to the Copyrighted Christmas and Holly Designs.

20. Upon information and belief, Hallmark has been selling gift wrap, gift bags, gift tags, thank you notes and other products that constitute infringements of Negley's Copyrighted Christmas and Holly Designs through its stores throughout the United States.

21. Hallmark's infringing conduct was not authorized by Negley.

22. Hallmark was given actual notice of the infringing nature of its conduct by letter dated May 24, 2011.

23. Hallmark refused to cease further infringing activity.

24. Hallmark's infringing conduct is intentional and deliberate, or in the alternative, fraudulent, malicious, willful, wanton and deceptive.

## COUNT I – COPYRIGHT INFRINGEMENT

25. Negley repeats and incorporates the allegations contained in the preceding paragraphs.

26. Negley is the sole owner of all right, title and interest in and to the Copyrighted Christmas and Holly Designs.

27. Hallmark is not authorized to reproduce, advertise, distribute, sell, exhibit or otherwise use the Copyrighted Design.

28. After 2008, Hallmark is not authorized to reproduce, advertise, distribute, sell, exhibit or otherwise use the Holly Design or derivatives thereof without Negley's approval and without affixing the proper copyright notice acknowledging her ownership of the Holly Design.

29. On information and belief, Hallmark has copied and prepared derivative works based upon Negley's Copyrighted Christmas and Holly Designs, and has used the Copyrighted Christmas Design and/or derivative works in the sale and advertising of their products and subsequent to 2008 has used the Copyrighted Holly Design and/or derivative works in the sale and advertising of their products.

30. On information and belief, Hallmark has sold, offered for sale and/or distributed copies of or derivative works based upon Negley's Copyrighted Christmas Design and subsequent to 2008 Hallmark has sold, offered for sale and/or distributed copies of or derivative works based upon Negley's Copyrighted Holly Design.

31. On information and belief, Hallmark has used the Copyrighted Christmas Design and/or derivative works thereof in the sale, offer for sale, advertising and on its products and subsequent to 2008 Hallmark has used the Copyrighted Holly Design and/or derivative works thereof in the sale, offer for sale, advertising and on its products .

32. Hallmark's conduct has infringed on Negley's rights in the Copyrighted Designs.

33. Hallmark's acts are willful, intentional and wanton acts of infringement.

34. Hallmark has continued to infringe the Copyrighted Designs and, unless enjoined by order of this Court, will continue to infringe the copyrights, all to Negley's irreparable injury. Negley's is without an adequate remedy at law. Negley's is entitled to injunctive relief restraining Hallmark from engaging in further acts of copyright infringement.

35. By reason of Hallmark's aforesaid infringement of the Copyrighted Designs, Negley has sustained and will continue to sustain substantial damages.

36. Negley is further entitled to recover from Hallmark the damages sustained by Negley as a result of Hallmark's acts of copyright infringement as herein alleged. Negley is unable to ascertain at present the full extent of the monetary damages suffered by reason of Hallmark's aforesaid acts of copyright infringement.

37. Negley is further entitled to recover from Hallmark the profits Hallmark have obtained as a result of its acts of copyright infringement.

38. Negley is alternatively entitled to recover from Hallmark statutory damages in an amount up to $150,000.00 per Copyrighted Design that has been infringed.

## COUNT III - BREACH OF CONTRACT

39. Negley repeats and incorporates the allegations contained in the preceding paragraphs.

40. The Agreement is a valid contract, and Negley has performed her obligations thereunder.

41. Hallmark has failed to perform its obligations under the Agreement.

42. Hallmark's failure to perform its obligations under the Agreement has damaged Negley, and Hallmark's ongoing breach of its obligations is inflicting irreparable harm on Negley.

43. As a result of Hallmark's breach of the Agreement, Negley has been damaged in an amount not as yet determined or ascertainable.

44. Hallmark is liable to Negley for its breach of the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Negley requests judgment in her favor and against Hallmark as follows:

a. That Hallmark, its officers, directors, agents, employees, distributors, manufacturers and those in active concert or participation with it, be enjoined from copying, distributing, displaying or preparing derivative works based on any of the Copyrighted Designs pursuant to 17 U.S.C. § 502;

b. That Hallmark, its officers, directors, agents, employees, distributors, manufacturers and those in active concert or participation with it, be enjoined from possessing, advertising, receiving, shipping, delivering, distributing, holding for sale, returning, offering to

sell or otherwise disposing of in any manner any reproduction or copy of the Copyrighted Designs pursuant to 17 U.S.C. § 503;

  c. That Hallmark be ordered to pay the actual damages suffered by Negley and any additional profits as a result of Hallmark's infringement of Negley's Copyrighted Designs pursuant to 17 U.S.C. §§ 504(a) and (b);

  d. That Hallmark be ordered to pay statutory damages up to $150,000 per Copyrighted Design pursuant to 17 U.S.C. § 504(c);

  e. That Hallmark be ordered to pay any attorneys' fees and costs pursuant to 17 U.S.C. § 505;

  f. That Hallmark pay to Negley the fees and costs incurred herein, including attorneys' fees and costs;

  g. That Hallmark pay Negley's actual damages and Hallmark's profits in such amount as may be found for breach of contract;

  h. That Hallmark pay to Negley punitive, exemplary, or treble damages to which Negley is entitled; and

  i. For such other and further relief as the Court may deem just in law and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Missouri as the place of trial of the above-styled matter.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests trial by jury of the above-styled matter.

Respectfully submitted,

By: */s/ James J. Kernell*
James J. Kernell, #48850
Ginnie C. Derusseau, #61362
Kent R. Erickson, #40986
ERICKSON, KERNELL, DERUSSEAU
& KLEYPAS, LLC
800 West 47th Street, Suite 401
Kansas City, Missouri 64112
Telephone: (816) 753-6777
Facsimile: (816) 753-6888

Attorneys for Plaintiff
Martha Negley